# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-17-CVE |
| | ) | |
| **REBECCA LYNN REED,** | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court for determination as to the mental competency of Defendant Rebecca Lynn Reed ("Reed") to stand trial. This issue was raised by defense counsel by formal request for psychiatric evaluation on February 8, 2017 (Dkt. # 19). Reed was evaluated on February 22, 2017, by Curtis T. Grundy, Ph.D., at the David L. Moss Criminal Justice Center in Tulsa ("Grundy"). Grundy submitted his competency evaluation to the Court and to counsel on March 24, 2017 (Dkt. #31). An evidentiary hearing was then conducted on March 29, 2017, with Reed present.

## I.

### Background

Reed appeared before this Court on January 31, 2017, for initial appearance on a complaint charging Bank Robbery in violation of Title 18 U.S.C. §2113(a) (Dkt. #1). Indictment charging the same was filed on February 7, 2017 (Dkt. # 17). At the initial appearance, Reed seemed sullen and withdrawn. Family reported a lengthy history of mental health treatment. Following the initial appearance, Reed's attorney, Public Defender William Widell, met with Reed at the jail to gather information related to treatment providers. At that meeting, Reed refused or was unable to cooperate or communicate, demonstrated fear or hostility toward

attorney Widell and appeared to be hearing voices. On February 8, 2017, attorney Widell filed a Motion to Determine Mental Competency of Defendant (Dkt. # 19), in which he asserted that Defendant was unable to communicate with him or effectively assist in her defense.

Following a hearing on Defendant's competency motion, the Court found reasonable cause to believe that Reed was suffering from a mental disease or defect rendering her mentally incompetent to proceed. This conclusion was based upon counsel's representations and the fact that Defendant could not be released from the jail to attend the hearing because she had some form of mental health crisis at the jail which required her to be placed in suicide watch. Accordingly, the Court designated Grundy to examine Defendant and prepare a report pursuant to 18 U.S.C. §4247, as to Reed's competency to stand trial. The report was to address the following:

1. Ms. Reed's history and present symptoms;
2. A description of the psychiatric, psychological, and medical tests that were employed and their results;
3. The examiner's findings;
4. The examiner's opinion as to diagnosis, prognosis; and
5. Thee examiner's opinion regarding whether Defendant is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.
(Dkt. # 20).

## II
## Grundy's Evaluation

Grundy found that Reed had a long history of mental illnesses as well as a history of inpatient and outpatient psychiatric care at facilities including the following: Tulsa Regional Medical Center (August 2003), Shadow Mountain Behavioral Health Center (July 2003, September 2003, October 2004 and November 2004), California Specialty Hospital (November

2003), Laureate Psychiatric Clinic and Hospital (February 2004, April 2004), and Parkside Hospital (May 2004 and September 2004). Most recently, Defendant was hospitalized at Wagoner Community Hospital from March 15, 2016 through March 31, 2016, with a diagnosis of Unspecified Psychotic Disorder and Schizoaffective Disorder, Bipolar Type. Ms. Reed was last hospitalized at Laureate Psychiatric Clinic and Hospital from April 7, 2016 through April 14, 2016. Her diagnosis at discharge was also Schizoaffective Disorder, Bipolar Type.

Grundy determined that Reed is suffering from acute and untreated symptoms of mental illness associated with psychosis and mood disturbance. He concluded that "Ms. Reed does not appear to be competent to stand trial" because "She is suffering from a mental disease, schizoaffective disorder, that renders her mentally incompetent to understand the nature and consequences of the proceedings. In addition, her active symptoms render her unable to rationally and properly assist in her defense." Grundy further concluded that "It is likely that Ms. Reed will be restored to competency within a reasonable period of time, if psychiatric treatment is provided."

## III

### Evidentiary Hearing

Both sides stipulated to the contents of Grundy's report. Neither the government nor the defendant proffered any additional evidence to the Court.

## IV

### Authority of Magistrate to Determine Competency

As a preliminary matter, the Court addresses a Magistrate Judge's authority to render a

competency decision. It does not appear that the Tenth Circuit Court of Appeals has expressly ruled on this question. Although in some courts, Magistrate Judges issue a report and Recommendation on competency questions, the practice in this court and many others is for Magistrate Judges to conduct competency hearings and make their own determinations by Order rather than Report and Recommendation. *Eg*., *United States v. Levi McRae Luginbyhl, Jr.*, case no. 06-CR-206-CVE {Dkt. # 34}; *United States v. Abraham Martinez*, case no. 06-CR-83-TCK [Dkt. #58]; United States v. James Lesli Goodman, 08-CR-110-CVE [Dkt. #40]. See also *United States v. Hamilton*, 107 F.3d 499, 502-03 (10th Cir. 1997) (Court discussed without comment a Magistrate Judge's finding as to a defendant's competency); *United States v. Archuleta*, 218 Fed. Appx. 754, 755 (10th Cir. 2007).

### B. Applicable Legal Standard

Federal law provides that if there is reasonable cause to believe that a defendant may be incompetent to stand trial, the Court shall conduct hearing to determine the issue. 18 U.S.C. §4241. The statute further provides:

**(d) Determination and disposition.**--If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility--

**(1)** for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

**(2)** for an additional reasonable period of time until--

**(A)** his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

**(B)** the pending charges against him are disposed of according to law;

whichever is earlier.

If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

The Supreme Court has set out the test for competency in *Dusky v. United States*, 362 U.S. 402 (1962)(per curium):

[I]t is not enough for the district judge to find that "the defendant (is) oriented to time and place and has some recollection of events," but that the "test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and

5

whether he has a rational as well as factual understanding of the proceedings against him."

*Id*. at 402.

The "touchstone" for determining if a defendant has a rational understanding of the proceedings against him is whether he has "sufficient contact with reality." *Lafferty v. Cook*, 949 F.2d 1546, 1551 (10th Cir. 1992). The "critical inquiry is whether the defendant's mental condition, however it may be labeled and whatever symptoms it may produce, prevents the defendant from having a rational or factual understanding of the proceedings against him or significantly prevents him from consulting with his lawyer." *Id*. at 1551 n.3.

To raise an issue requiring a competency hearing, there must be some evidence to create doubt on the issue." *U.S. v. Crews*, 781 F.2d 826, 833 (10th Cir. 1986). Regardless of who raises the issue of competency, the government has the burden of demonstrating by a preponderance of the evidence that the defendant is competent to proceed. *U.S. v. Velasquez*, 885 F.2d 1076, 1089 (3rd Cir. 1989). The defendant has no burden to establish his competency. *U.S. v. Hollis*, 569 F.2d 199, 205 (3rd Cir. 1977).

**Conclusion**

Based upon the stipulations of the parties as to the contents of the Grundy report, and the Court's review of that report as summarized above, I conclude by a preponderance of the evidence that Reed is presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. 18 U.S.C. §4241(a). Reed is therefore presently incompetent to participate in these federal proceedings. **IT IS THERFORE ORDERED** that Defendant Rebecca Lynn Reed, be committed to the custody of the Attorney General for care and treatment. The period of commitment for care and treatment shall be for

such a reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is substantial probability that Reed can be restored to competency in the foreseeable future. The matter shall be set for review on the 18th day of July, 2017, at 10:00 a.m. The director of such facility shall cause a report, pursuant to 18 U.S.C. §4247() to be provided to the Court, the attorney for Defendant and the Government's attorney by 4th day of July, 2017.

If at any time prior to 18th day of July, 2017, the director of the facility determines that Reed has recovered her competency sufficient to allow her to understand the nature and consequences of the proceedings and to assist counsel in her defense, the director shall forthwith certify such to the clerk of this Court.

**IT IS FURTHER ORDERED** that if Reed's mental condition does not so improve, the director shall forthwith certify such to the clerk of this Court no later than 18th day of July, 2017.

**IT IS SO ORDERED** this 10th day of April, 2017.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE